UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RICK BARNES, )<br>)<br>            **Plaintiff,** )<br>)<br>   v. )<br>)<br>W. PATRICK HARTSHORN )<br> and THE COUNTY OF VERMILION )<br>)<br>            **Defendants.** ) | Case No. 09-CV-2299 |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#31) filed by Defendants, Patrick Hartshorn and the County of Vermilion. This court has carefully reviewed the following: Defendants' Summary Judgment Motion (#31), the Memorandum in Support (#32), the Memorandum in Opposition (#34) filed by Plaintiff, Rick Barnes, and the Defendants' Reply (#36). This court has also throughly reviewed all the parties' corresponding exhibits. Following this careful and thorough review, Defendants' Motion for Summary Judgment (#31) is DENIED.

## FACTS

In the Spring of 2007, Sheriff Patrick Hartshorn ("Sheriff"), announced his intention to fill six vacant sergeant positions on the Vermilion County Sheriff's Department ("Department"). In response, Rick Barnes ("Plaintiff"), a patrol officer on the Department, applied for the promotion. At that time, Plaintiff had worked nearly 22 years for the Department and was 46 years of age. Eleven other individuals applied for the promotion as well. Ten of those individuals were under the age of 40 years, and the remaining applicant was 41 years of age.

The promotion process consisted of two separate scores, a written test and an interview

conducted by the Department. First, the applicants took a standardized written test with an interview component conducted by the Vermilion County Sheriff's Merit Commission. Plaintiff earned the fourth highest score of the twelve applicants examined by the Merit Commission.

Next, the applicants who passed the Merit Commission test were interviewed by the Sheriff and two Captains on the Department. Although the final promotion decisions were his alone, Sheriff Hartshorn wanted Captains Dennis Wood and Rodney Kaag to participate in the interviews because they had been supervising the eligible deputies and knew their performance. The interviewers scored the applicants based on eight interview questions drafted by Captains Wood and Kaag, and Sheriff Hartshorn. Based upon the Merit Commission score plus the interview scores, Plaintiff ranked sixth among the candidates. Plaintiff was not promoted.

The seventh question asked by the interviewers was, "Are you willing to work all shifts?" Sergeant Hartshorn considered a candidate's willingness to work all three shifts to be an important qualification for promotion to sergeant because: (1) the Department sought to have a supervisor working on all three shifts, and when a sergeant was absent for various reasons, other sergeants would have to work the absent sergeant's shift, (2) sergeants may sometimes have to rotate to different shifts if need arises since the collective bargaining agreement applicable to deputies prevents the rotation of deputies, and (3) sergeants must fill in for absent captains which requires each sergeant to shadow a captain, who may work a different shift, and also requires another sergeant to work the shift of the sergeant who is shadowing the captain. The requirement that a sergeant be capable of working any shift has been a longstanding custom and practice of the Department predating Sheriff Hartshorn's election. In fact, this requirement was so important that it was included as the seventh question in the interview, and according to the Sheriff, it was

2

the sole reason why Plaintiff did not get the promotion even though he was more qualified than other candidates who were promoted. Captains Kaag and Wood both testified that the sole reason why Plaintiff did not get the promotion was because he said that he was unwilling to work all shifts. They testified that the other candidates who were unwilling to work any of the three shifts were not promoted either. In other words, unwillingness to work all three shifts was a deal breaker for the promotion.

Deputy Dustin Heckerson was one of the candidates under 40 years of age who was promoted. However, his composite score for question seven was 12 out of 30 possible points, while Plaintiff's score was 13 out of 30 points. Sheriff Hartshorn and Captains Kaag and Wood all testified that Heckerson answered "yes" to question seven, and Plaintiff answered "no." Heckerson also swore in an affidavit that he answered "yes" to the question. Plaintiff disputes Heckerson's answer to question seven based on the discrepancy between the Plaintiff's and Heckerson's scores. The discrepancy is that the Defendants promoted Heckerson over Plaintiff when Heckerson scored lower on question seven, and this question was a deal breaker for any candidate. Additionally, the Plaintiff was more objectively qualified than Heckerson.[1] Plaintiff contends in his opposition to the summary judgment that this issue of fact is in dispute and material to his age discrimination claim.

Initially, all the candidates selected were under the age of 40 years, however one of them passed up the opportunity for promotion, and the applicant who was 41 years of age was promoted. Plaintiff was not one of the six applicants who were promoted even though he scored

---

[1] Plaintiff scored a 129 on his Merit Commission and an average score of 51.6 on his interview, totaling at 180.6. Heckerson scored a 121 on his Merit Commission and an average score of 55.3 on his interview, totaling at 176.3. Plaintiff out-scored Heckerson by 4.3 points.

fourth on the Merit Commission examination and sixth on the interviews conducted by the Sheriff.

## PROCEDURAL HISTORY

On March 5, 2008, the Plaintiff filed a charge of employment discrimination because of his age with the United States Equal Employment Opportunity Commission ("EEOC") through the Illinois Department of Human Rights and received permission to sue from the EEOC.

Plaintiff filed a claim in this court within 90 days of receiving the notice of right to sue.

On December 10, 2009, the Plaintiff filed a complaint (#1) with this court against the Defendants alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. Specifically, Plaintiff alleges that Sheriff Hartshorn passed him over for promotion because he was over forty years old.

On April 28, 2011, the Defendants filed the pending Motion for Summary Judgment (#31) and a memorandum of law with exhibits (#32). On June 6, 2011, Plaintiff filed a memorandum in opposition to the Defendants' motion for summary judgment and exhibits (#34). On June 15, 2011, the Defendants filed a reply to Plaintiff's memorandum in opposition (#36).

## ANALYSIS

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge

v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Singer v. Raemisch, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing '[i]nferences which are only supported by speculation or conjecture.'" See Singer, 593 F.3d at 533 (alteration in original) (citation omitted).

The party opposing a motion for summary judgment may not rely on the allegations contained in the pleadings. Waldridge, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004), quoting Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Specifically to survive summary judgment, "the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007).

In a summary judgment proceeding, it is not the court's function to weigh the evidence and determine the truth of the matter, but instead to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249-50. A court should determine whether a fair minded jury could return a verdict for the nonmoving party on the basis of the evidence presented. See Anderson, 477 U.S. at 249-50; see also Shager v. Upjohn Co., 913 F.2d 398, 399 (7th Cir. 1990).

DISPUTED MATERIAL FACT

I.

This court concludes that the Plaintiff has adequately shown a genuine dispute in this case regarding Deputy Heckerson's response to question seven. Question seven asked the applicants, "Are you willing to work all shifts." Quoting the Plaintiff, "Deputy Heckerson, in his response to question seven, was at best ambivalent and perhaps resistant to the concept of being available to work all three shifts." However, Hartshorn, Wood, and Kaag testified that Deputy Heckerson unequivocally responded to question number seven that he would be willing to work all shifts. They also testified that Plaintiff's response to question seven was that he would not be willing to work all shifts. Nonetheless, the evidence viewed in a light most favorable to the Plaintiff suggests otherwise and at least raises a dispute that must be resolved by the trier of fact.

Hartshorn, Wood, and Kaag's depositions cast doubt on exactly what Deputy Heckerson said. Furthermore, there are inconsistencies between the deposition testimony and the notes and scores they wrote down that day regarding Heckerson's response to question seven. In Sheriff Hartshorn's deposition he recalls that Heckerson jokingly said, "I don't want second or third [shift]," but his answer was affirmative that he would work whatever shift he was put on. Hartshorn's notes from that day say nothing about an unequivocal answer. In fact, the notes say that Heckerson would "to a certain extent" be willing to work all shifts, and that he "[Didn't] want 2nd or 3rd shift." Additionally, Hartshorn gave Heckerson a score of 5 out of 10 regarding his response to question seven. Interestingly, he gave the Plaintiff a 5 out of 10 for the same question even though, according to Hartshorn, the Plaintiff refused to work all shifts.

Next, in Captain Wood's deposition he recalls that Heckerson's response to question

seven was that he would be willing to work all shifts but not forever. Wood's notes from that day are consistent with his testimony, however he scored Heckerson at a 2 out of 10 for question seven. Wood contends that he scored Heckerson low on question seven because he did not like the manner in which Heckerson answered the question. Interestingly, he gave the Plaintiff a 3 out of 10 for the same question even though, according to Wood, the Plaintiff absolutely refused to work all shifts.

Last, in Captain Kaag's deposition he recalls that he was, "a little taken aback by some of the ways that [Heckerson] said yes to the – his response." Kaag's notes from that day reflected that Heckerson would be willing to work all shifts, but he would not be willing to work the second or third shifts for the next 20 years, and he did not want to finish his career on third shift. Captain Kaag scored Heckerson at a 5 out of 10 for question seven. Interestingly, he gave the Plaintiff a 5 out of 10 to the same question even though, according to Kaag, the Plaintiff absolutely refused to work all shifts.

In summation, the Plaintiff's composite score for question seven was a 13, one point higher than Heckerson, who had a composite score of 12. Heckerson, who was under 40 years of age, was promoted, while Plaintiff, who was 46 years of age, was not promoted. The court must view this evidence in a light most favorable to the nonmoving party. The objective numerical discrepancy and the inconsistency of the interviewers' notes with their testimony raises a genuine dispute as to Heckerson's response to question seven. Next, the court addresses the materiality of this disputed fact.

II.

Materiality is determined by the substantive law governing a particular claim. See Anderson, 477 U.S. at 248. In a summary judgment proceeding, a court must view the evidence presented through the prism of the proof burden imposed upon the litigants. See Anderson, 477 U.S. at 254.

The ADEA prohibits an employer from making employment decisions with respect to an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiff is proceeding under the indirect method of proving his discrimination claim. The Seventh Circuit analyzes the indirect approach under the McDonnell Douglas burden shifting presumption. See Sheehan v. Daily Racing Form, Inc., 104 F.3d 940, 940-42 (1997) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The indirect approach allows the plaintiff to create a presumption of discrimination, and thereby survive summary judgment, by establishing a prima facie case of age discrimination. Atanus v. Perry, 520 F.3d 662, 672 (7th Cir. 2008). To establish a prima facie case of discrimination, in the context of a failure to promote claim, the plaintiff must provide evidence that (1) he belongs to a protected class, (2) he was qualified for the position, (3) he was denied the position, and (4) the position was given to a person outside of the protected class who was similarly or less qualified. See Jackson v. City of Chicago, 552 F.3d 619, 622 (7th Cir. 2009). Once the plaintiff has established a prima facie case, the burden shifts to the employer to offer a legitimate nondiscriminatory reason why the plaintiff was not promoted. See Atanus, 520 F.3d at 672. If the employer can meet this easy burden, then the burden shifts back to the plaintiff requiring the plaintiff to show that the employer's proffered reason is a pretext for discrimination. See Atanus, 520 F.3d at 672. To rebut the employer's proffered reason, the plaintiff must also present evidence that supports the inference that the real reason was

8

discriminatory. See Stockwell v. City of Harvey, 597 F.3d 895, 901-02 (7th Cir. 2010). Plaintiffs at this point in the burden shifting framework must adduce evidence that the employer's proffered reason is "not credible or factually baseless." Stockwell, 597 F.3d at 901-02.

In a Seventh Circuit age discrimination case, Judge Posner nicely summarized the materiality requirement to survive summary judgment motion under McDonnell Douglas:

> The statute is not a guarantee of tenure for the older worker, although not all juries understand this. But the question before us in reviewing the grant of summary judgment is only whether [Plaintiff] produced evidence from which a rational factfinder could infer that the company lied in saying that it fired [Plaintiff] because he was an unsatisfactory worker. If the only reason an employer offers for firing an employee is a lie, the inference that the real reason was a forbidden one, such as age, may rationally be drawn. This is the common sense behind the rule of McDonnell Douglas. It is important to understand however that the inference is not compelled. The trier of fact must decide after a trial whether to draw the inference. The lie may be concealing a reason that is shameful or stupid but not proscribed, in which event there is no liability. The point is only that if the inference of improper motive *can* be drawn, there must be a trial. When [Plaintiff] presented evidence that he was not an inadequate worker-that he satisfied the employer's legitimate expectations and therefore had not, as [Defendant] contended, been

9

>fired for failing to satisfy them-he surmounted the only hurdle that remained to the denial of the employer's motion for summary judgment.

Shager, 913 F.2d at 401-402 (citation omitted).

In this case, the Plaintiff can reasonably establish his prima facie case. First, the Plaintiff is 46 years of age, making him a member of a protected class. Second, he was qualified for the position because he had served the Department for 22 years, and he was ranked sixth amongst all other applicants for the six open positions. Third, he was denied the position. Fourth, the position was given to two applicants who had lower total scores than the Plaintiff, and who were both under 40 years of age, thus being outside the protected class.

Next, the Defendants' proffered nondiscriminatory reason for not promoting the Plaintiff was that he refused to work all shifts. Sheriff Hartshorn and two of his Captains both testified that unwillingness to work all shifts was a deal breaker for the sergeant position. Thus, the burden shifts back to the Plaintiff to argue that this proffered reason was merely a pretext.

It is at this point where the disputed fact becomes material. A reasonable jury could find that Deputy Heckerson answered question seven in the negative and therefore conclude that the Defendants' proffered reason for not promoting the Plaintiff was purely pretextual and is not worthy of belief. Because the Defendants' do not proceed on any other proffered nondiscriminatory reason, this sole issue of fact becomes even more material to the case. In Judge Posner's words, "[Plaintiff] surmounted the *only* hurdle that remained to the denial of the employer's motion for summary judgment." Shager, 913 F.2d at 402 (emphasis added).

The disputed fact is material because it undermines the Defendants' argument that Plaintiff was not promoted because of his answer to question seven and not because of his age. The Defendants have painted themselves into a corner by scoring Heckerson lower than the Plaintiff in response to question seven, and then arguing that question seven was the sole reason the Plaintiff did not get the promotion.

IT IS THEREFORE ORDERED THAT:

(1) The Motion for Summary Judgment (#31) filed by Defendants Sheriff Hartshorn and the County of Vermilion is DENIED.

(2) This case remains scheduled for a final pretrial conference on September 2, 2011, at 3:30 p.m. and a jury trial on September 12, 2011 at 9:00 a.m.

Entered this 18th day of July, 2011

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE